1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREVER 21, INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>SEVEN LIONS, INC., a California Corporation; DAVID'S PLACE OFF PRICE CLOTHING CO., INC., a California Corporation; DAVID TALASAZAN, an Individual; GABRIEL BROTHERS, INC., a West Virginia Corporation; DAMO TEXTILE, INC., a California Corporation; and Does 1-10, Inclusive,<br><br>            Defendants. | Case No.: CV12-01152 GW (VBKx)<br><br>**[DISCOVERY MATTER]**<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br><br>**DENIED**<br>BY ORDER OF THE COURT |
| AND RELATED ACTION | |

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information and documentation for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section X., below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule ("L.R.") 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITION OF "CONFIDENTIAL INFORMATION"

1. "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

   a. is regarded by the designating party as being confidential, private, or proprietary in nature such that it qualifies for protection under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") Rule 26(c)(1)(G); and/or

   b. is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

   c. is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq., in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain

economic value from its disclosure or use; and

    d.    as illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Order, including, but not limited to, customer lists, confidential financial information of the parties, including profit margins, sales data, profits, and retail sales summaries, vendor lists, order summaries, confidential contracts, and proprietary fabric/style specifications.

2.    Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

### III. PRODUCTION OF CONFIDENTIAL INFORMATION

1.    All efforts by any party or witness in this matter to designate any information as "Confidential," shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2.    All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated

"Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this Order, infra, prior to disclosure, by use of a reasonably conspicuous and prominent mark. In the case of documents, the mark shall be on every page.

### IV. LEVELS OF CONFIDENTIALITY

Any information designated as "Confidential" or "Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1. "Attorneys' Eyes Only" — Information designated as "Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

    a. Attorneys acting on behalf of the parties in this matter;

    b. The office personnel employed by the counsel working under the direct supervision of said counsel;

    c. The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending; and

    d. Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

2. "Confidential" — Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

      a.    All "Attorneys' Eyes Only" persons; and

      b.    All employees, officers, and directors of each party of record. It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this order, its terms, and the consequences of an unauthorized disclosure.

**V.**    **DEPOSITIONS**

1.    Any party may designate testimony on oral deposition as "Confidential" or "Attorneys' Eyes Only." The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2.    Once testimony has been designated as "Confidential" or "Attorneys' Eyes Only," only the following persons shall be present for the answer:

      a.    Persons authorized under this Order;

      b.    The deponent; and

      c.    The reporter and videographer.

3.    Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts—by the various levels of confidentiality—and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

4.    A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

5.    Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as

designated.

6. Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Attorneys' Eyes Only" and the deponent.

## VI. ITEMS FILED WITH THE COURT

1. When any documents, things, or testimony in whatever form is filed or lodged with Court that is designated as "Confidential" or "Attorneys' Eyes Only," they shall be maintained under seal with the United States District Court for the Central District of California, pursuant to this Order, after the parties comply with the procedures set forth in L.R. 79-5 for the filing of records under seal, or as otherwise ordered by the Court.  In so doing, they will be filed in a sealed envelope.  The envelope will contain an indication of the general nature of the contents of the envelope, and shall have endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

> **THIS ENVELOPE CONTAINS DOCUMENTS, THINGS, OR TESTIMONY WHICH ARE "CONFIDENTIAL" (OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY") AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. IT IS NOT TO BE OPENED OR THE CONTENTS DISPLAYED OR REVEALED EXCEPT TO THIS COURT AND ITS STAFF.**

2. To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

## VII. INADVERTENT DISCLOSURE

1. The inadvertent or unintentional disclosure of "Confidential" or "Attorneys' Eyes Only" or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection or privilege informs the opposing parties of its claim within a reasonable time after learning of the disclosure.

2. The Receiving Party shall promptly destroy, sequester, or return to the Disclosing Party any protected or privileged item discovered by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection or privilege. If the Receiving Party disclosed the protected or privileged item before being notified of the Disclosing Party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

## VIII. ACKNOWLEDGMENT OF ORDER

Each person required by this Order to sign a statement agreeing to be bound by the Order must sign a statement to be delivered to and maintained by the Disclosing Party in the form attached hereto as EXHIBIT A.

## IX. AGREEMENT OF PARTIES TO ORDER

All parties to this action, their counsel, and all other persons subject to this Order shall be bound by this Order and shall abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District

of California, or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

In the event that information designated as Confidential Information is contemplated to be used at trial, the Receiving Party seeking to use such information shall give notice to the Court and the Designating Party of its intention to use the Confidential Information at trial sufficiently in advance of its contemplated use so that the Court can have the matter heard. The Designating Party continues to bear the burden of showing to the Court that there is good cause to keep the materials sought to be used at trial as subject to and treated under the terms of a Protective Order that the judicial officer conducting the proceedings deems appropriate.

## X.     CONTINUING EFFECT OF ORDER

At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, all Confidential Information produced in this litigation, including all copies made of such material shall, upon demand by the party that produced it, be returned to counsel for that party that produced it. If no request for return is received within one year of final disposition, the party in possession may destroy such Confidential Information with written confirmation of such destruction. The Court and Court personnel are exempt from the provisions of this Paragraph X.

## XI.     ADDITIONAL RELIEF

No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

To the extent that there are any disputes relating to the Protective Order, such as the designation of confidential documents, L.R. 37 governs the procedure for resolving such disputes. In making or opposing any motion relating to the

designation of Confidential Information, the party seeking to maintain a document under the Protective Order shall bear the burden of showing specific prejudice or harm if the information sought to be protected is disclosed to the public.  See e.g., *Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

## XII. USE FOR THIS LITIGATION ONLY

1. Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2. In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with legal process or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.  Nothing herein shall be construed as relieving any person or entity from complying with its obligations pursuant to a lawfully issued subpoena or other court process.

## XIII. CHALLENGE TO DESIGNATION

1. In the event that a party fails to timely make such a challenge, the party shall thereafter be required to demonstrate good cause justifying its failure to timely raise a challenge as an initial burden of proof with respect to any motion to challenge the confidentiality designation.

2. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and in full compliance with L.R. 37. In conferring, the challenging Party must explain the basis for its belief

1  that the confidentiality designation was not proper and must give the Designating
2  Party an opportunity to review the designated material, to reconsider the
3  circumstances, and, if no change in designation is offered, to explain the basis for
4  the chosen designation.  A challenging Party may proceed to the next stage of the
5  challenge process only if it has engaged in this meet and confer process first.

6      3.     A Party that elects to press a challenge to a confidentiality designation
7  after considering the justification offered by the Designating Party may file and
8  serve a motion under L.R. 37 (and in compliance with L.R. 79-5, if applicable) that
9  identifies the challenged material and sets forth in detail the basis for the challenge.
10 The challenged material shall not be filed as part of the L.R. 37 Joint Stipulation.
11 Rather, the challenged material shall be separately lodged with the Court along
12 with a Stipulation and [proposed] Order providing that:  (1) one of the parties has
13 requested that the attached material be re-designated with respect to
14 confidentiality; (2) pending resolution of the challenge to the confidentiality
15 designation, the material shall be filed under seal; and (3) if the Motion is denied,
16 or if the material is only lowered in confidentiality from "ATTORNEYS' EYES
17 ONLY" to "CONFIDENTIAL," it will remain filed under seal.  Each such motion
18 must be accompanied by a competent declaration that affirms that the movant has
19 complied with the meet and confer requirements imposed by L.R. 37 and the
20 preceding paragraph, and that sets forth with specificity the justification for the
21 confidentiality designation that was given by the Designating Party in the meet and
22 confer dialogue.  The burden of persuasion in any such challenge proceeding shall
23 initially be on the Moving Party to establish a legitimate need for lowering or
24 removing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation.  If
25 Moving Party establishes such a legitimate need, Designating Party shall thereafter
26 have the burden of establishing the propriety of the designation.  Until the Court
27 rules on the challenge, all parties shall continue to afford the material in question
28 the level of protection to which it is entitled under the Producing Party's

1  designation.

2      Should any motion be brought under this Paragraph the prevailing party may
3  be entitled to recover reasonable attorneys' fees pursuant to Fed.R.Civ.P. Rules
4  26(g)(3) and 37(a)(5).

### XIV. MODIFICATION

Any party to this action may, at any time, request the modification of this Stipulated Protective Order. Such a request may be granted by the Court only after due notice and hearing, and upon a showing of good cause. In the event any party seeks a modification of this Stipulated Protective Order, the parties shall follow the procedures set forth in L.R. 37 to obtain a decision from the Court. If the parties want to file the Joint Stipulation required by L.R. 37 under seal, the parties may file a stipulation requesting an order to that effect pursuant to L.R. 79 or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

~~PURSUANT TO STIPULATION, IT IS SO ORDERED this _____ day of October, 2012.~~

FED. R. CIV. P. 26(c) requires a showing of good cause for the entry of a protective order, and the Court must find good cause even if the parties have stipulated to the existence of a protective order. *Jepson Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). A good cause showing is a particularized showing with respect to documents or categories, and it must be demonstrated that a party will suffer some identified prejudice. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Rivera v. NIBCO, Inc.* 384 F.3d 822 (9th Cir. 2004); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035, p. 265 (1970), cited with approval

in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n. 15 (1981). No such showing has been made here. Rather, the parties have merely provided that confidential information is whatever they subsequently themselves deem to be confidential information. They give examples, but note that they are examples only, and some of those examples clearly are not, in all instances, entitled to protection. They provide for different levels of confidentiality without criteria for those levels. Moreover, the proposed order makes no distinction between materials to be produced in connection with discovery, and materials to be used in connection with dispositive motions or at trial, when differing standards apply. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

The requested order is denied. The parties may, of course, enter into a stipulation among themselves, without a court order, so long as court deadlines are not affected. FED. R. CIV. P. 29.

October 24, 2012

_____ */s/ Ralph Zarefsky*
United States Magistrate Judge for the
Central District of California

- 12 -
**[PROPOSED] PROTECTIVE ORDER**