***NO JS-6***

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREVER 21, INC., a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEVEN LIONS, INC., a California Corporation; DAVID'S PLACE OFF PRICE CLOTHING CO., INC., a California Corporation; DAVID TALASAZAN, an Individual; GABRIEL BROTHERS, INC., a West Virginia Corporation; DAMO TEXTILE, INC., a California Corporation; Y.M.I JEANSWEAR, INC., a California Corporation; and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | Case No.: CV12-01152-GW(VBKx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANTS DAVID'S PLACE OFF PRICE CLOTHING CO., INC. AND Y.M.I JEANSWEAR, INC. AND DISMISSAL OF ACTION WITH PREJUDICE**<br><br>Honorable Judge George H. Wu |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal of the Action ("Stipulation"), between Plaintiff Forever 21, Inc. ("Plaintiff"), on the one hand, and Defendants David's Place Off Price Clothing Co., Inc. and Y.M.I Jeanswear, Inc. (collectively "Defendants"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants as follows:

- 1 -
**[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL OF ACTION**

1. **PERMANENT INJUNCTION.** Defendants and any person or entity acting in concert with, or at their direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a. Subject to the provisions of Paragraph 2 below, copying, manufacturing, importing, exporting, marketing, displaying, purchasing, selling, offering for sale, reproducing, acquiring, transferring, brokering, consigning, storing, shipping, licensing, developing, delivering, distributing and/or dealing in any product or service that uses, or otherwise makes any use of, references or relates to Forever 21 or any of Forever 21's registered and common law trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, references or relates to Forever 21 or any of Forever 21's Trademarks;

    b. performing or allowing others employed by or representing them, or under the their control, to perform any act or thing which is likely to injure Forever 21 or Forever 21's rights in and to Forever 21's Trademarks and/or Forever 21's business reputation or goodwill arising therefrom; and/or

    c. engaging in any acts of federal and/or state trademark infringement, false designation, unfair competition, dilution, or other act(s) which would tend to damage or injure Forever 21's rights in and to Forever 21's Trademarks.

2. Acknowledgement of Right to Purchase and Resell Certain Goods. Nothing contained in this Permanent Injunction shall prohibit Defendants from purchasing, acquiring, offering for sale, selling, or distributing any product under the conditions provided in the Confidential Settlement Agreement executed

1  between Defendants and Plaintiff.

2      3.   This Permanent Injunction shall be deemed to have been served upon
3  Defendants at the time of its execution by the Court.

4      4.   The Court finds there is no just reason for delay in entering this
5  Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil*
6  *Procedure*, the Court directs immediate entry of this Permanent Injunction against
7  Defendants.

8      5.   **NO APPEALS AND CONTINUING JURISDICTION.**  No
9  appeals shall be taken from this Permanent Injunction, and the parties waive all
10 rights to appeal.  This Court expressly retains jurisdiction over this matter to
11 enforce any violation of the terms of this Permanent Injunction.  If Defendants
12 violate the terms of this Permanent Injunction, Plaintiff is to give written notice to
13 Defendants with a three (3) calendar day cure provision.  If the violation is not
14 cured by Defendants within the 3 day cure period, Plaintiff may seek Court
15 intervention via *ex parte* application.

16     6.   **NO FEES AND COSTS.**  Each party shall bear its own attorneys'
17 fees and costs incurred to date in this matter.

18     7.   **DISMISSAL OF THE ACTION.**  The Court hereby dismisses the
19 action, in its entirety, upon entry of this Permanent Injunction against Defendants.

20

21     IT IS SO ORDERED, ADJUDICATED and DECREED this 5TH day of
   August, 2013.

22
                                  _____
23                                HON. GEORGE H. WU
24                                United States District Judge
                                  Central District of California
25

26

27

28